*Cunningham v. Agro*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of June, two thousand twenty-four.

PRESENT:
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> **BETH ROBINSON,**
> > *Circuit Judges.*

---

Emir Cunningham,

> *Plaintiff-Appellant,*

> v.                                                      23-681

Rose Agro, former Warden of Anna M. Kross Center,

> *Defendant-Appellee.*\*

---

FOR APPELLANT:                          KYLA JACKSON, Kirkland & Ellis LLP, New York, NY.

---

\* The Clerk's office is directed to amend the caption as reflected above.

**FOR APPELLEE:** CHLOÉ K. MOON (Richard P. Dearing and MacKenzie Fillow, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Emir Cunningham was held in custody at the Anna M. Kross Center ("AMKC"), a Department of Corrections ("DOC") facility, for approximately 12 days in October 2013. He sued Defendant-Appellee Rose Agro, the former warden of AMKC, for deliberate indifference, failure to protect, and civil conspiracy to violate civil rights, alleging that he was deprived of medical care, food, showers, and housing, all of which posed an unreasonable risk to his health and safety. He also alleged that Agro was personally aware of and disregarded these deprivations.

The district court granted Agro's motion for summary judgment, concluding that Cunningham's conclusory statements that he did not recall various medical appointments were insufficient to create a material dispute as to the denial of medical care in the face of Agro's medical records showing that Cunningham did in fact receive medical care; even if his medical care was delayed, the delay was insufficiently objectively serious to support an Eighth Amendment deliberate indifference claim; and Cunningham failed to identify evidence that Agro was subjectively deliberately indifferent. *See Cunningham v. Agro*, No. 15-CV-1266 (ALC), 2023 WL 2647105, at *3–4 (S.D.N.Y. Mar. 27, 2023). The district court also held that Cunningham's deliberate indifference claim regarding food, showers, and housing failed because he could not

2

show that the conditions were sufficiently serious or that Agro was aware of and disregarded an excessive risk to inmate health or safety.[2] *Id.* at *4. Cunningham appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "construing all evidence in the light most favorable to the non-moving party." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015). "We affirm summary judgment only where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. (internal quotation marks omitted).

"Deliberate indifference under the Eighth Amendment standard means the official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) (cleaned up). This standard "embodies both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, sufficiently serious." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (cleaned up). Second, "the charged official must act with a sufficiently culpable state of mind." *Id*. (quotation marks omitted).

Here, the district court correctly granted Agro's motion for summary judgment because Cunningham fails to show that Agro "had subjective knowledge of a substantial risk of serious

---

[2] The district court declined to reach the parties' civil conspiracy and qualified immunity arguments, and either resolved in Cunningham's favor or declined to reach Agro's argument that Cunningham failed to exhaust administrative remedies. *See Cunningham v. Agro*, No. 15-CV-1266 (ALC), 2023 WL 2647105, at *4 (S.D.N.Y. Mar. 27, 2023). We also decline to reach the question whether Cunningham failed to exhaust his administrative remedies because we affirm the district court's judgment that, in any event, Agro was entitled to summary judgment on Cunningham's claims.

harm to an inmate and disregarded it." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). Upon receiving a 311 complaint regarding Cunningham's circumstances, Agro forwarded the complaint to a captain for further investigation, indicating that she did not simply disregard the complaint. Her reliance on the captain's resulting report—which stated that Cunningham wanted to move cells because he had asthma, did not fear for his safety, and wanted to be moved to a dormitory—does not reflect a subjective state of deliberate indifference. Likewise, Cunningham's vague testimony that he spoke to someone he believed to be Agro and told her he hadn't received his medication is insufficient to show that Agro was deliberately indifferent to his medical needs. Agro's advice that Cunningham should tell his correctional officer about his problem does not evince a subjective indifference. Because Cunningham cannot establish Agro's subjective culpability, his deliberate indifference claims fail.

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court granting Agro's motion for summary judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4